### APPRAISAL OF THE PROPERTY OF A DECEDENT.

Circuit Court of Cuyahoga County.

JAMES R. SPRANKLE, JR., ET AL V. ARTHUR ODELL, ADMINISTRATOR.

Decided, November 1, 1909.

*Probate Law—Estoppel—One Securing Low Appraisal of Personal Property May Not Complain Later.*

When one who was both administrator and heir has instructed the appraisers to return a low appraisal of the property of the estate in order to minimize taxes thereon, he can not later, after the widow has elected to take a large portion of the property at its appraised value, ask for a reappraisal.

*James J. Hogan* and *Goulder, Holding & Masten,* for plaintiffs in error.

*Wallace I. Knight, S. A. Schwab, W. C. Ong* and *E. J. Blandin,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This proceeding in error is prosecuted to reverse the judgment of the court of common pleas upon an appeal from the order of the probate court in the matter of the estate of James R. Sprankle, deceased, overruling the motion of James R. Sprankle, Jr., for a re-appraisal. Upon the appeal the court of common pleas made the same order, and it is to reverse this order that the proceeding here is prosecuted.

The facts are, that James R. Sprankle, Jr., was originally the administrator of his father's estate, and as such, by agreement with his mother, widow of the decedent, he instructed the appraisers to make a low appraisal of the property, in order to minimize the taxes levied thereon. After the appraisal was thus effected the widow took a large part of the property at the appraised value, and in the ensuing controversy, James R. Sprankle, Jr., was removed as administrator. He thereupon undertook to have a reappraisal ordered upon the ground that the original appraisal was admittedly too low. The probate and common pleas courts refused to order such reappraisal upon the ground that

he had himself been responsible for the very thing of which he complained. In this view we concur. But James R. Sprankle, Jr., appears before us in another capacity, to-wit, apparently as one of the co-administrators of the estate of his sister who, it is suggested, has died since the trial in the court of common pleas, and in this capacity, he and his co-administrator seek the relief which he personally is denied. It is urged that the sister is in no way estopped, inasmuch as she had nothing to do with procuring the low appraisement complained of. There are, however, no allegations in the petition in error with regard to her death or the appointment or qualification of the administrators of her estate. These are issuable facts and should have been alleged instead of being left to mere inference from the caption of the petition in error. So far as these parties are concerned, therefore, the petition in error not having been filed by any party to the record below or by anyone who is expressly alleged to be a successor in interest to any such party, must be stricken from the files. We should, however, be inclined to allow an amendment of the petition in error upon proper application, if it appeared to us that such amendment could be made in furtherance of justice, but the record discloses that the exceptions which were the subject-matter of the trial in the probate court and court of common pleas, were those of James R. Sprankle, Jr., personally and of no one else. It was not until after the expiration of the statutory period of limitation within which such exceptions by any person interested might have been filed, that the sister undertook by application to adopt and make her own, the exceptions which James R. Sprankle, Jr., had filed. It is apparent, therefore, that it would subserve no good purpose to permit such amendments to the petition in error to be made as would suffice to bring the administrators before this court as administrators of her estate and as parties to the proceeding.

With regard to James R. Sprankle, Jr., who is the sole remaining plaintiff in error in this proceeding, the judgment below is affirmed. As to the other parties, plaintiffs in error, the petition is dismissed.